1  ANDRÉ BIROTTE, JR.
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   RUTH M. KWON (SBN: 232569)
4  Assistant United States Attorney
        Federal Building, Suite 7516
5       300 North Los Angeles Street
        Los Angeles, California 90012
6       Telephone:   (213) 894-3038
        Fax:         (213) 894-7819
7
8  Attorneys for the Plaintiff
   HILDA L. SOLIS, Secretary of Labor,
9  United States Department of Labor

10

FILED
CLERK, U.S. DISTRICT COURT

OCT 1 9 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

11            IN THE UNITED STATES DISTRICT COURT

12        FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14

15  HILDA L. SOLIS,  Secretary of        )   No. CV: **CV12-09019** GW (SHx)
16  Labor, United States Department of   )
    Labor,                               )
17                                       )
18                       Plaintiff,      )
19                                       )   **COMPLAINT**
                v.                       )
20                                       )   [For violation of Title IV of the
21  LOCAL 848, INTERNATIONAL             )   Labor-Management Reporting
    BROTHERHOOD OF TEAMSTERS,)               and Disclosure Act of 1959,
22  _____ )   29 U.S.C. § 481]
23

24

25

26

27

28

1    Plaintiff, Hilda L. Solis, Secretary of Labor, alleges as follows:

2    <u>NATURE OF THE ACTION</u>

3    1.  This action is brought under Title IV of the Labor-Management

4    Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a

5    judgment declaring that the December 1, 2011 election of union officers conducted

6    by Local 848, International Brotherhood of Teamsters (Defendant) for the offices

7    of President, Vice President, Recording Secretary, Secretary-Treasurer, and three

8    Trustee positions is void, and directing Defendant to conduct a new election for

9    these offices under Plaintiff's supervision, and for other appropriate relief.

10   <u>JURISDICTION AND VENUE</u>

11   2.  This Court has jurisdiction over this action pursuant to 29 U.S.C. §

12   482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

13   3.  Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. §

14   1391(b).

15   <u>PARTIES</u>

16   4.  Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United

17   States Department of Labor.  Plaintiff is authorized to bring this action under

18   section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

19   5.  Defendant is, and at all times relevant to this action has been, an

20   unincorporated association residing within the County of Los Angeles, California,

21   within the jurisdiction of this district.

22   <u>FACTUAL ALLEGATIONS</u>

23   6.  Defendant is, and at all times relevant to this action has been, a local

24   labor organization engaged in an industry affecting commerce within the meaning

25   of sections 3(i), 3(j) and 401(b) of the Act, 29 U.S.C. §§ 402(i), 402(j) and 481(b).

26   7.  Defendant, purporting to act pursuant to its Bylaws and the Constitution

27   of the International Brotherhood of Teamsters (International) conducted an election

28

1

1  of officers on December 1, 2011, and this election was subject to the provisions of
2  Title IV of the Act, 29 U.S.C. §§ 481-484.

3      8.  The candidates ran for office on two slates:  the incumbent Tate Slate and
4  the insurgent Walt Johnson Slate.  Complainant Nikko Hashimoto was a candidate
5  for president on the Walt Johnson Slate.

6      9.  On October 17, 2011, approximately 87 members of the Local filed a pre-
7  election protest with the Defendant's Secretary Treasurer and Executive Board
8  asking that the Walt Johnson Slate be charged before the Local's Executive Board
9  for: (1) "fraudulent unlawful deceptive campaign fundraising; claiming to be a
10  non-profit organization without filing for non-profit status;" (2) "claiming to be a
11  non-profit organization while running a political campaign;" and (3) "misleading
12  and lying to members about donations and contributions being tax deductible."

13      10.  The Local's Election Committee held a hearing on October 29, 2011, on
14  the charges.

15      11.  Neither Complainant nor anyone else from the Walt Johnson Slate
16  attended or participated in the hearing.

17      12.  The Local's Election Committee unanimously concluded that:  (1) "the
18  Walt Johnson Slate did represent their organization as a non-profit organization
19  and/or stated that donation(s) to their campaign were tax deductible;" (2) "the [ ]
20  representation of non-profit status was published on the Internet for everyone to
21  see;" and (3) "[i]n fact in accordance with the evidence presented the Walt Johnson
22  Slate is not a non-profit organization."

23      13.  As a remedy to these violations, the Election Committee ordered the
24  Walt Johnson Slate to revise its campaign literature and websites, and ordered that
25  the decision "be posted on all union bulletin boards at companies represented by
26  Local 848, from November 1, 2011 until December 1, 2011."

27
28

14.  Complainant appealed the Election Committee's decision to International President James Hoffa, asserting that it was "an unlawful punishment for free speech," and requested a stay of the decision.

15.  On November 16, 2011, President Hoffa issued a final decision reversing the Local Election Committee's decision with respect to the penalties it imposed.

16.  Despite this decision, the Defendant failed to ensure the removal of the Local Election Committee's posted decision from all shops.

17.  The decision remained posted in at least ten shops through the December 1, 2011 election.

18.  During the ballot tally, the Defendant decided to apply a more lenient dues payment deadline than that required by the International Constitution and Local Bylaws to all members on dues checkoff, only requiring payment through June 30, 2011, rather than November 30, 2011.

19. As a result of the change in eligibility rules, 33 ineligible members were permitted to vote in the election.

20.  1,858 members voted in the election.

21.  The incumbents won every office.

22.  By letter dated December 2, 2011, to the International Brotherhood of Teamsters' Joint Council 42 President, the complainant, Nikko Hashimoto, a member in good standing of Defendant, protested the election of officers.

23.  Having invoked the remedies available for three calendar months without receiving a final decision after invocation, the complainant filed a timely complaint with the Secretary of Labor on April 2, 2012, within the one calendar month, as required under section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

24.  In a series of letters, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to October 19, 2012.

3

25. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act, 29 U.S.C. §§ 481-484, had occurred in the conduct of the Defendant's December 1, 2011 election; and (2) that such violations had not been remedied at the time of the institution of this action.

<u>FIRST CAUSE OF ACTION</u>

26. Section 401(e) of the Act, 29 U.S.C. § 481(e), provides that every union member in good standing has the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by the union or any union member.

27. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election, by subjecting Complainant and her slate to a pre-election trial for their campaign speech.

<u>SECOND CAUSE OF ACTION</u>

28. Plaintiff restates and realleges Paragraphs 1 through 27 as though set forth here in full.

29. Section 401(c) of the Act, 29 U.S.C. §481(c), requires unions to provide "adequate safeguards" to insure a fair election.

30. Despite being overturned by International, the Local Election Committee failed to remove its overturned decision from Defendant's bulletin boards, thereby allowing that superseded decision to cast a negative view of the complainant and her slate, in violation of section 401(c) of the Act, 29 U.S.C. § 481(c).

<u>THIRD CAUSE OF ACTION</u>

31. Plaintiff restates and realleges Paragraphs 1 through 30 as though set forth here in full.

32.  Section 401(e) of the Act, 29 U.S.C. § 481(e), requires a union to conduct its elections "in accordance with the constitution and bylaws of such organization."

33.  Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election, by failing to adhere to the voter eligibility requirements set forth in the Defendant's Bylaws and International Constitution resulting in ineligible members being permitted to vote.

34.  The violations of sections 401(c) and 401(e) of the Act, 29 U.S.C. §§ 481(c) and 481(e), may have affected the outcome of the Defendant's election for the offices of President, Vice President, Recording Secretary, Secretary-Treasurer, and three Trustee positions.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the offices of President, Vice President, Recording Secretary, Secretary-Treasurer, and three Trustee positions to be void;

(b)  directing the Defendant to conduct a new election for those offices under the supervision of the Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Respectfully submitted,

ANDRÉ BIROTTE, JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney,
Chief, Civil Division

RUTH M. KWON
Assistant United States Attorney
Attorneys for Plaintiff Hilda Solis,
Secretary of Labor, United States
Department of Labor

6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 9019 GW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [☑] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | LOCAL 848, INTERNATIONAL BROTHERHOOD OF TEAMSTERS |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| André Birotte Jr., United States Attorney<br>Leon W. Weidman, AUSA, Chief, Civil Division<br>Ruth M. Kwon, AUSA, CSBN: 232569<br>300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012<br>Email: ruth.kwon@usdoj.gov, (213)-894-3038, fax (213) 894-7819 | Elizabeth Rosenfeld, Esq.<br>Wohlner Kaplon Phillips Young & Cutler<br>16501 Ventura Blvd., Ste. 304<br>Encino, CA 91436<br>Email: rosenfeld@wkpyc.com, (818) 501-8030 x313, fax (818) 501-5306 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $_____**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. 481

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☑ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | ☐ 440 Other Civil Rights | | |

# CV12-09019

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☑ No   ☐ Yes
If yes, list case number(s):

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☑ No   ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)    List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
        **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):    *[signature]*              Date  10/19/2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |