1  ANDRÉ BIROTTE, JR.
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   RUTH M. KWON (SBN: 232569)
4  Assistant United States Attorney
         Federal Building, Suite 7516
5        300 North Los Angeles Street
         Los Angeles, California 90012
6        Telephone:  (213) 894-3038
         Fax:        (213) 894-7819
7
8  Attorneys for the Plaintiff
   SETH D. HARRIS, Acting Secretary of Labor,
9  United States Department of Labor

10
11                    UNITED STATES DISTRICT COURT
12                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
13                           WESTERN DIVISION
14

| | |
|---|---|
| SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor, | No. CV 12-9019 GW(SHx) |
| Plaintiff, | **STIPULATION REGARDING SETTLEMENT AND REQUEST FOR THE COURT TO RETAIN JURISDICTION AND TO VACATE REMAINING DATES** |
| v. | |
| LOCAL 848, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH] |
| Defendant. | Pre-trial Conference: Nov. 25, 2013 |
| | Trial Date:  Dec. 3, 2013 |
| WALT JOHNSON, | |
| Intervener, Plaintiff | |

Plaintiff, Seth D. Harris, Acting Secretary of Labor ("the Secretary"), defendant Local 848, International Brotherhood of Teamsters, ("Local 848"), and intervener Walt Johnson by and through their undersigned counsel, hereby stipulate and agree to settlement of this case on the following terms and conditions.

1. This action was brought by the Secretary pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (as amended), 29 U.S.C. § 401, et seq., ("Act" or "LMRDA"), for the purpose of voiding the results of the December 1, 2011 election of union officers for the offices of President, Vice President, Recording Secretary, Secretary-Treasurer, and three (3) Trustees conducted by Local 848 and requesting a new election under the supervision of the Secretary of Labor.

2. In the Complaint, the Secretary alleged that during the conduct of the aforesaid election, Local 848 violated:

    a. Section 401(e) of the LMRDA, 29 U.S.C. § 481(e), which provides that every union member in good standing has the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by the union or any union member, by subjecting the administrative complainant and her slate to a pre-election trial for their campaign speech.

    b. Section 401(c) of the LMRDA, 29 U.S.C. § 481(c), which requires a union to provide adequate safeguards to insure a fair election, when it failed to remove its overturned Election Committee decision from Defendant's bulletin boards, thereby allowing the decision to cast a negative view of the administrative complainant and her slate.

    c. Section 401(e) of the LMRDA, 29 U.S.C. § 481(e), which requires a union to conduct its elections "in accordance with the constitution and bylaws of such organization," by failing to adhere to the voter eligibility

requirements set forth in the Defendant's Bylaws and International Constitution resulting in ineligible members being permitted to vote.

3. Local 848 does not admit that it violated any of the aforementioned provisions of Title IV in its December 1, 2011 election.

4. The Parties, in settlement of this action, hereby stipulate and agree that Local 848 will conduct, under the supervision of the Secretary of Labor, nominations and an election for all officer positions, to be completed by December 2013. Nominations will occur in November 2013. The winners of the supervised election shall be installed no later than January 1, 2014 and they shall serve the full three (3)-year term as specified in defendant's Constitution and By-Laws.

5. The supervised election shall be conducted in accordance with Title IV of the Act (29 U.S.C. § 481, *et seq*.) and, insofar as lawful and practicable, in accordance with the Constitution of the International Brotherhood of Teamsters (IBT) and the Bylaws of Local 848. The Secretary will appoint an election supervisor to be responsible for the conduct of the supervised election, who will coordinate with the duly appointed Election Committee of Local 848 in the conduct of the election.

6. The parties agree that an election company will conduct the election. Local 848 and Intervener agree that Local 848 will select an election company other than California Election Company to conduct the election.

7. All decisions as to the interpretation or application of Title IV of the LMRDA, the IBT Constitution and Local 848's Bylaws relating to the supervised election are to be determined by the Secretary or his agent and his decision shall be final, except as subject to review in this Court and any subsequent appellate review. The Secretary will accept the interpretation consistently placed on a union's constitution and bylaws by the responsible union official or governing body unless the interpretation is clearly unreasonable.

8.     The parties request that the Court retain jurisdiction of this action so that the procedures specified in 29 U.S.C. § 482(c) regarding the Secretary's certification of the election to the Court and the Court's entry of a decree may be completed. After the completion of the supervised election, the Secretary shall certify to the Court the names of the persons so elected, that such election was conducted in accordance with Title IV of the Act, and, insofar as lawful and practicable, that the election was conducted in accordance with the provisions of the IBT Constitution and Local 848's Bylaws. Upon approval of such certification by the Court, the Court shall enter a Judgment declaring that such persons have been elected as shown by such certification to serve a full term of office pursuant to 29 U.S.C. § 482(c)(2) of the LMRDA.

9.     By entering into this stipulation of settlement, the parties have resolved the controversy between them, and the only issue remaining is certification of the supervised election as provided for in the paragraph above. The parties, therefore, request that the Court vacate all remaining dates in this action, including the discovery, motion filing, pre-trial, and trial dates.

10.    Each party shall bear its own fees, costs and other expenses incurred by such party in connection with any stage of this proceeding.

Dated: July 10, 2013

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_/s/ Ruth Kwon_
RUTH M. KWON
Assistant United States Attorney
Attorneys for Plaintiff Seth D. Harris,
Acting Secretary of Labor, United States
Department of Labor

1  Dated: July  9 , 2013            WOHLER KAPLON PHILLIPS YOUNG &
2                                   CUTLER
3                                   *[signature]*
                                    ELIZABETH ROSENFIELD
4                                   Attorneys for defendant Local 848,
                                    International Brotherhood of Teamsters
5
6
7
8  Dated: July ____, 2013           HAYES & CUNNINGHAM, LLP
9
10                                  DENNIS H. HAYES
                                    Attorneys for intervener Walt Johnson
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 5 -

| | |
|---|---|
| Dated: July ____, 2013 | WOHLER KAPLON PHILLIPS YOUNG & CUTLER<br><br>_____<br>ELIZABETH ROSENFIELD<br>Attorneys for defendant Local 848,<br>International Brotherhood of Teamsters |
| Dated: July _9_, 2013 | HAYES & CUNNINGHAM, LLP<br><br>*/s/ Dennis L. Hayes/*<br>_____<br>DENNIS H. HAYES<br>Attorneys for intervener Walt Johnson |